## HOTCHKISS *vs* OLIVER.

Under the act of congress amending the general patent law, (*Laws U. S.
24th Cong. 2d Sess. p.* 79, § 9,) the entering of a *disclaimer*, by a patentee who
has claimed by his specification of an improvement more than he was entitled to
have patented to him, is not a condition precedent to the patentee availing him-
self of the remedial provisions of that act. *Per* McKissock, J.

To deprive the patentee of the benefit of the parts of the improvement which were
his own invention, it must be shown that the delay in entering his disclaimer
of the other parts was unreasonable. *Per* McKissock, J.

Though the provision rendering a patent valid, notwithstanding too much had
been claimed in the specification, is limited to cases where the excessive claim

Hotchkiss *v.* Oliver.

was made by mistake and without a fraudulent intent, still, as fraud is not to be presumed, the patentee claiming the benefit of the provision need not prove that he acted under a mistake, and from honest motives. Those who attack the patent have the burthen of establishing the fraud. *Per* McKissock, J.

The provision in the aforesaid act, making valid, patents which were void on account of claiming too much, is applicable to such as had been issued before the passage of that act.

Where the vendee in a contract of sale had an election, within a limited time, to recede from the purchase and return the article, or else was to complete the purchase and pay the purchase money, and the vendor had no title to the thing sold at the making of the contract, but acquired one within the period limited, and the vendee allowed that period to elapse without returning the article; *held* that he could not, when subsequently sued for the purchase money, set up a want of consideration for the contract as originally made. *Per* McKissock, J.

This principle applied to a sale by a patentee, of his interest in a patented improvement in machinery, where the patent was originally void for claiming too much, but within the time limited for the vendee to recede, it was made valid, in part, by the amendatory act. *Per* McKissock, J.

In order to render a patent valid, which was void before the late act for claiming too much, it must appear that the part which the patentee really invented, was a material and substantial part of the thing patented, and was distinguishable from the parts claimed without right.

Assumpsit, tried at the Broome circuit, in November, 1844, before Monell, late Cir. J.

The plaintiff proved and gave in evidence an agreement, signed by the defendant as follows:

" Rec'd of Gideon Hotchkiss [the plaintiff,] a deed of his *vertical re-acting water wheel,* for the county of Schoharie in the state of New-York, as a power by which I can sell said county, and do agree to pay said Gideon Hotchkiss or his order the sum of three hundred dollars for said county, within eighteen months from date, or return the said deed to said G. Hotchkiss if no part of it is sold within said county, within said eighteen months, or pay to said G. H. the one half of what I shall sell in said county and deed back to him the residue, as I shall choose. Dated, Aug. 31, 1836, at Monticello."

The defendant gave in evidence the deed referred to in the agreement, bearing the same date and executed by the plaintiff, by his attorney. It purported to be a conveyance to the defendant of the exclusive right of making, using and vending within the

county of Schoharie; "an invention for an improvement in the saw mill," which as the instrument stated, was secured to the plaintiff by patent from the president of the United States, dated November 6th, 1832. It contained a warranty of the right sold against the lawful claims of any other person.

The patent which had been granted to the plaintiff and which is mentioned in the deed, together with the specification annexed thereto, were likewise given in evidence. By the latter, it appeared that the alleged improvement was in the construction of a re-acting water wheel for saw mills. The specification professed to state the parts which the plaintiff claimed to be his own original invention. The defendant examined a number of witnesses to show that what the plaintiff had claimed as new, or some part of it, had been long used in mills; and the plaintiff gave testimony to sustain his claim as the inventor of what was stated in the specification to be new.

The judge charged the jury that the conveyance by the plaintiff to the defendant was not void upon its face, and that the omission to record it within the time limited by the act of congress did not prejudice the right to recover, it being the defendant's duty to place it on record; that by the patent law in force when the deed was given, the patent would be void if the specification claimed matters as the plaintiff's own invention which were before known and used; but that by the act of congress entitled "an act in addition to the act to promote the progress of science and useful arts," passed March 3d, 1837, (*Laws of 24th Cong. Sess. 2d, p.* 83, § 9,) if the plaintiff had by mistake, and without an intent to defraud or mislead the public, claimed as original some material part of the improvement of which, as it turned out, he was not the inventor, the patent was still good for what was really his own invention, provided it was a material and substantial part of the improvement patented, and was definitely distinguishable from the parts claimed without right; that the plaintiff was not, for the purposes of this suit, bound to show that he had entered a disclaimer of the parts of which he was not the inventor at the patent office; that the act of 1837 applied to this case, inasmuch as it was passed

within the eighteen months which the defendant had to return the deed, and that, as the deed was not returned within that time, there was a consideration for the agreement " if the patent included any new and useful invention or discovery which was truly and *bona fide* the patentee's," and that the plaintiff was not bound to show affirmatively the absence of mistake or fraud in claiming too much. The defendant's counsel excepted to each branch of the charge. Verdict for the plaintiff for $300 and the interest.

*B. D. Noxon,* for the defendant, moved for a new trial on a case. 1. It is well settled that if the description or specification annexed to a patent claims material matters of which the patentee is not the inventor it is void, though as to some part of it he was entitled to a patent. (2 *Kent's Com.* 370, 371; *Cross* v. *Huntley,* 13 *Wend.* 385; *Head* v. *Stevens,* 19 *id.* 411.) 2. The act of 1837, referred to in the charge, having been passed after the transfer of the right to the defendant and after his agreement to pay therefor, cannot affect that contract. The true question was whether it was made, at the time it *was* made, upon a good consideration. 3. To make that act available to the plaintiff, he should have shown that he had complied with its provisions. 4. The judge instructed the jury that the patent became valid by force of the act of 1837, notwithstanding the absence of evidence that the erroneous claim was made honestly, and without adding the qualification contained in the act that the part really original was a material and substantial part of the improvement, and was definitely distinguishable from the parts claimed without right.

*J. A. Collier,* for the plaintiff, insisted that the charge was correct in all its parts, and also that it did not appear in point of fact but that every thing claimed in the specification as new was really the plaintiff's invention, and moreover that the plaintiff's covenant of warranty was a good consideration for the defendant's promise, whatever might be thought of the validity of the patent.

*By the Court*, McKissock, J. The deed from the plaintiff to the defendant was, as stated by the court, sufficient to convey to him any right the plaintiff might have in the patent according to its terms. It was also correctly said by the judge, that by the law as it was at the date of the deed, the patent would be void if the specifications contained any improvement which was previously known and used, though it contained others of his own invention that were new. (2 *Kent's Com.* 370 ; *Burnton* v. *Hawks*, 4 *Barn. & Ald.* 541, *per Abbott, C. J.* ; 3 *Wheaton, Appendix, note* 2, *p.* 22; *Head* v. *Stephens*, 19 *Wend.* 411 ; *Moody* v. *Fiske*, 2 *Mason's Rep.* 118.)

It appears to have been assumed on the trial that the specification annexed to the patent claimed something as the plaintiff's invention which had been before known and used. The judge seems to have charged upon that supposition, and the assumption was not objected to by the defendant's counsel. The court correctly decided that the filing the disclaimer was not a condition precedent to obtaining the benefits of the act of 1837. The party loses that by an *unreasonable* delay in filing the disclaimer. ' (*Laws of U. S. 24th Cong. 2d Sess. p.* 83, § 9, *last proviso*.) The question as to unreasonable delay, was not however raised, but it was urged that the filing a disclaimer was a condition precedent. So also in advising the jury that if the plaintiff's specifications embraced too much, he was not bound to prove affirmatively that it was so by accident or mistake, and not from an intention to deceive or defraud the public. The law presumes no one to have acted illegally or fraudulently. (1 *Phil. Ev.* 195.) Besides, the party charging the wrong, having the affirmative, is on that account bound to prove it, even though it were a negative proposition. (*Id. pp.* 194, 195.)

But the learned judge further charged, that the act of congress referred to applied to the patent in this case ; and also that the passage of that law, prior to the expiration of the eighteen months within which the defendant had the right to return the deed, together with the failure to return it within the time stipulated, afforded a sufficient consideration for the agree-

ment, "if the patent included any useful and new invention or discovery which was truly and bona fide the patentee's." To this the defendant's counsel objects that the act was passed after the contract in question was made, and he argues that it would have no retrospective operation on the rights and interests of these parties in respect to an agreement previously made; that it could only affect the validity of the patent with respect to subsequent rights and contracts, and that the jury should therefore have been instructed that the agreement was without consideration and void if the specification contained any thing of which the plaintiff was not the inventor, and that the act was inapplicable to the case; and moreover, at all events that if part of the thing patented were in previous use, there was a fraud on the defendant which should prevent a recovery, as he had been induced to pay the price for the whole alleged improvement patented, when the plaintiff really owned but part of it. It will be unnecessary to decide what would have been the effect of the act of 1837 on the rights and obligations of these parties, if there had been, previous to the time of its passage, an absolute sale of the right in question to the defendant. For at that date, the agreement between them was still ambulatory, the defendant then, and for nearly a year after, having the right of electing whether he would return the deed and thereby put an end to the inchoate agreement, or retain it, and thereby become the absolute purchaser of the interest in the patent. If we look at the agreement on which the action is brought, it will appear that though a deed had been given, it was intended to operate only as an authority to the defendant to act as the agent of both parties for eighteen months, in disposing of the right in Schoharie county. The words of the agreement are: "Rec'd of Gideon Hotchkiss, a deed of his vertical re-acting water-wheel, for the county of Schoharie, in the state of New-York, *as a power by which I can sell said county.*" The defendant, then, first became really the purchaser of the interest in the plaintiff's patent, at the expiration of the eighteen months by his election, not to return the deed. Before that period arrived, the plaintiff had become entitled to the benefit of the remedia.

provision of the act referred to; and this cause should be determined on the same principles as if the agreement had been definitively made at the end of the eighteen months. Nor does the detriment which the defendant may suffer on account of the failure of part of the thing patented, present any objection to the foregoing conclusions. That circumstance may affect the amount to be recovered, but not the right of recovery.

So far then as we have thus reviewed this branch of the charge, the judge was correct. But in his final instruction that the passage of the law of 1837 afforded a sufficient consideration for the agreement, "if the patent included any useful and new invention or discovery which was truly and *bona fide* the patentee's," he fell into the mistake of omitting a material qualification of the position. The provision which saves to the patentee such parts of the invention as are his own, is subject to the express condition that the part thus saved "be a material and substantial part of the thing patented, and be definitively distinguishable from the other parts claimed without right." This proviso may have been rendered entirely nugatory by the charge. If the jury followed the instruction they may have found for the plaintiff, though his discovery was not either "material or substantial," but only useful; and so too, though, instead of being "definitely distinguishable from those parts not his own," it was so mixed with them as to confound all practical distinction. For this error the verdict must be set aside.

New trial granted.