THOMAS B. CAROTHERS *et al.* Executors, *v.* AMOS HURLEY.

1. EVIDENCE : RULES OF : POWER OF LEGISLATURE TO CHANGE.—The legislature has the power to change the rules of evidence, and to adopt new rules, so as to affect past and future rights of action.

2. STATUTE OF LIMITATIONS : NEW PROMISE.—A new promise made according to the requirements of the statute of limitations of 1844, and before the adoption of the statute of 1857, is sufficient to prevent the bar of the statute, though the cause of action was barred at the time of the new promise, and the action commenced after the statute of limitations of 1857 went into operation.

3. SAME : ACT OF LIMITATIONS OF 1857, PROSPECTIVE.—The statute of limitations of 1857, by its very terms, does not apply to actions commenced, nor to cases where the right of action, or of entry, accrued before the act went into operation. Rev. Code, Art. 28. p. 402.

4. SAME : PLEADING : NEW PROMISE : HOW PLEADED.—In pleading a

new promise to revive a cause of action barred by the statute of limitations, it is not necessary, where the new promise is required to be in writing, to aver that the promise was in writing.

ERROR to Circuit Court of Monroe county. Hon. Joel M. Acker, judge.

*Sale and Phelan* for plaintiffs in error.

*Houston and Reynolds* for defendant in error.

ELLETT, J., delivered the opinion of the court.

The only question in this case arises upon the defence of the statute of limitations. The bill single sued on fell due in 1842, and the action was brought in November, 1857. To obviate the defence arising from the lapse of time, the plaintiff averred in pleading, and proved in evidence, that about three years before the suit was commenced, the very claim sued on was presented to the defendant's testator, and was by him acknowleged to be due and unpaid, and that he promised to pay it. This acknowledgment was not in writing; and the question is, whether, in an action instituted since the Revised Code took effect, such a promise is sufficient to take the case out of the statute.

To answer this question it is ecessary to determine whether the case is to be governed by the act of 1844, or by the provisions contained in the code of 1857. If the former act prevails, then the new promise is clearly sufficient to maintain the action. The twenty-first article of the act of 1857, provides that, "in actions of debt, assumpsit, or in the case, founded upon any contract, no acknowledgment or promise shall be evidence of a new or continuing contract, whereby to take any case out of the operation of the provisions of this act, or to deprive any party of the benefit thereof, unless such acknowledgment or promise be made or contained by, or in, some writing signed by the party chargeable thereby." This does not require that in all cases, under any statute of limitations of this State, the new promise or acknowledgment shall be in writing, but only when such promise or ac-

knowledgment is relied on to take the case out of the operation of the provisions of this particular act. And the twenty-eighth article declares that, " the several periods of limitation prescribed by this act shall commence from the date when the act shall take effect, but the same shall not apply to any actions commenced, nor to any cases where the right of action, or of entry, shall have accrued before that time, but the same shall be subject to the laws now in force ; *provided, however,* that this act may be pleaded in any case where a bar has accrued under the provisions thereof."

In this case, no bar has accrued under the provisions of this act. If the cause of action is varied at all, it must be by reason of other laws in force at the time of the passage of the Code. Those laws not only contain the periods of limitation applicable to all cases arising under them, but they also define the exceptions and savings allowed, and the cirumstances under which their operation is to be arrested by virtue of new promises or acknowledgments. These are a part of the laws then in force, to which all cases in which the right of action, or of entry, accrued before the Code should.take effect, are declared to be subject.

We do not question the competency of the legislature to change the rule of evidence, and to establish a new rule as to what shall be regarded as sufficient proof of a new promise or acknowledgment to take a case out of the operation of the statute of limitations, and to apply such new rule to cases arising before its adoption. Had the twenty-first article of the Code, already quoted, provided that no new promise, not in writing, should be evidence whereby to take a case out of the operation of the statutes of limitation of this State, generally, such enactment would have applied to all promises made before its passage, and would have made it necessary for the proof of the new promise or acknowledgment to conform to the law in force at the time of the trial. Such has been the uniform construction in England, of the Stat. 9 Geo. IV., commonly known as Lord Tenterden's Act, and such has been the interpretation given to our act of 1844. *Briscoe* v. *Ankitell,* 28 Miss. 361. Such legislation

does not act upon the original contract, to impair its obligation, nor does it divest any vested right. It relates only to the character of proof required to establish a collateral fact, and to show that by the consent of the party the existence of the liability upon the contract is to be continued beyond the period at which, by force of the act for the limitation of actions, all remedy upon it would otherwise have ceased.

But inasmuch as the twenty-first article only requires the written evidence, in cases where the new promise is relied upon, to take the case out of the operation of the provisions of the act of 1857, and inasmuch as the twenty-eighth article expressly declares that all cases, where the right of action accrued before that act took effect, should be subject to the laws previously in force, we are obliged to hold that the present case is governed by the act of 1844, and that the promise proved to have been made in 1855, is sufficient to take the case out of the operation of that act, which is the one pleaded and relied on as opposing the bar to the maintenance of the present action.

It follows from these views that the instructions given in the court below were correct, and that the first instruction asked by the defendant was properly refused. The judgment upon the demurrers was also correct for the same reasons; and also for the additional reason that in setting forth the new promise in pleading, it would not be necessary to aver that it was in writing, even if the law required it to be so. It would be sufficient if the written promise were proved at the trial. Such, at least, is the settled rule in analogous cases arising under the statute of frauds.

The judgment of the court below will be affirmed.