ELLEN PRICE, admr., etc., and EMMA F. PRICE *v.* FREDERICK CRONE.

1. MINORS IN CHANCERY.—It is the duty of the chancellor to protect the interests of minors, whether the proper defense be made or not; and for this purpose, he should look to the record in all its parts, and, of his own motion, give to the infant the benefit of all objections and exceptions, as fully, as if specially pleaded. The infant can waive none of its rights.

2. GUARDIAN AD LITEM.—It is a settled rule, that a guardian *ad litem* cannot be designated till after service of process on the infant.

3. SERVICE ON INFANT DEFENDANT.—A return showing personal service on an infant defendant, is insufficient, unless it also show that the infant had no father or mother in this state. Code of 1857, 489. And the appointment of a guardian *ad litem* on such return, is error.

4. PARTITION—POSSESSION.—Partition of lands can only be made between persons in actual or constructive possession; other claimants must establish their rights by suit, and obtain actual seisin before they can be in condition to demand a partition. Hence, a mortgagor in possesion, is the proper party to make partition with his co-tenant; and when the partition has been made, the mortgage on the previously undivided moiety attaches in severalty.

Appeal from the chancery court of Adams county. SMILEY, J.

On the 5th day of October, 1867, Frederick Crone filed his bill of complaint against Ellen Price, administratrix of the

estate of Joseph Price, deceased, to foreclose a mortgage given by her intestate to secure the payment of a note of said intestate for $672 00, payable twelve months after date to Crone & Schwartz, and dated April 4th, 1853. Process was duly served on the appellant, Ellen Price, and she failing to appear, a decree *pro confesso* was rendered against her as heir at law of Joseph Price, deceased, and one undivided half of the mortgaged premises directed to be sold.

At the next term of the court succeeding the filing of the bill, the complainant was allowed by the court to amend his bill, by making Emma F. Price, a minor heir at law of Joseph Price, deceased, party defendant, and H. Polkinghorn appointed her guardian *ad litem*. The guardian *ad litem* filed the usual answer *pro forma*, relying on the court for the protection of the infant's rights.

The return on the subpœna served on Emma F. Price, is as follows:

"Executed the within subpœna on Emma Frances Price, March 10th, 1868, and a true copy thereof delivered.

"B. F. B. Hunter, sheriff.
"By Frank J. Arrighi, D. S."

At the same term of the court a final decree was rendered against both the appellants, and the whole of the mortgaged premises decreed to be sold. From which decree an appeal was taken to this court, and they now assign the following causes:

1st. The court erred in not requiring complainant to make Henry Polkinghorn, the owner of the undivided half of the mortgaged premises a party defendant in said cause.

2d. The court erred in granting the relief sought by complainant, because the note filed with complainant's bill was barred by the statute of limitations.

3d. The court erred in not protecting the interests of Emma F. Price, a minor defendant, under her answer to said bill, which the chancellor should have done under the pleadings, and dismissed said bill of complaint, as said note was barred by the statute of limitations, which was a complete defense for her.

4th. The decree granted, does not conform to the allegations and prayer of the bill of complaint, and the court erred in granting the decree, because it is inconsistent with the allegations and prayer of said bill of complaint, and does not conform thereto.

5th. The original bill contains no prayer for an account, and lays no proper ground for such relief.

6th. The bill shows that the drawer of the note sued on is dead, leaving his widow and one minor child, his heirs at law, and that said widow administered on said estate ; but said administratrix is not made a party to said bill—she is sued as an heir at law, not as administratrix, but process is issued against her as administratrix, and not as heir at law.

7th. Leave was granted complainant to amend his bill and make Ellen F. Price, a minor, a party to said bill, but no such amendment was filed.

8th. The guardian *ad litem* of said minor, prays the protection of the court, and is not concluded by the *pro confesso* against the other party.

*S. L. Guice* and *J. D. Freeman*, for appellants,

Insisted, 1st. That the decree is erroneous, because it does not conform to complainant's bill, by directing the sale of the interest of intestate, Price, which had been ascertained, as appears by complainant's bill.

2d. That if complainant wished to disregard the petition of said mortgaged premises, his bill should have assigned the reason therefor, and made H. Polkinghorn a party thereto, and given him his day in court. The sale of an undivided interest in property long since divided, has the effect to cast suspicion upon the partition title, and cloud the title of Polkinghorn, and subject him to future litigation and trouble, which, under the plainest principles of equity, he has the right to be heard in this cause, and protect himself against; and, therefore, said decree is a violation of equity, and should be reversed.

3d. That the court was bound to protect the interests of

Emma F. Price, an infant, on account of her minority and inexperience; and that the court erred in granting the decree in said cause, upon the pleadings therein, because the note, which was the foundation of said suit, was, before the commencement of said suit, barred by the statute of limitations; and that her guardian *ad litem*, by answering for her, and relying upon the protection of the court, in effect, and in fact, interposing all legal defenses for her; and the court erred in not considering this defense in said cause, and dismissing the bill of complainant in the court below.

*Harris & Withers*, for appellee.

1st. It appears that the bill was originally filed against Ellen Price, administratrix, and process served upon her as such. Afterwards and before answer, the bill was amended, so as to add parties, to-wit: Emma, child and heir of Price, the deceased mortgagor and of Ellen, and the said Ellen as doweress; she was not a necessary party to the bill by the mortgagee to foreclose. See Story's Eq. Pl., 209, § 175. But if a necessary party, she was before the court by service of process. She is the mother of Emma, as is alleged, and process was served upon her and the minor Emma, and a guardian *ad litem* appointed by the court. The note and mortgage were made exhibits, and there was nothing further in the shape of proof required.

2d. Polkinghorn was not a necessary party after partition, nor even without that, is it error to the prejudice of the defendants.

3d. It is insisted that a bill is liable to demurrer because barred by lapse of time. This is a mistake. The mortgage was forfeited on the 4th of April, 1854. The act of 1854 extended the right of entry to ten years. The act went into effect March 1st, 1854. We must, therefore, give ten years from April 4th, 1854, or six years from the date of the passage of the act of 1867.

The last act provides that the periods of limitation under that act shall commence from its date. The result is, that the

old law will prevail, if it destroys the remedy before the code would put an end to it, not otherwise ; and it is plain that, under the Code of 1857, the note was not barred until November, 1863, and prior to that time the act of limitations was suspended.    Code, 402, art. 28.

We are entitled to ten years from April 4th, 1854, or six years from the adoption of the Code of 1857. In either event, we are within the statute.    Benson v. Stewart, 31 Miss., 49; Tapley v. Harper, 35 Miss., 506.

SIMRALL, J.:

A bill was brought in the chancery court of Adams county, by Frederick Crone against Ellen Price, administratrix of John Price, deceased, to foreclose a mortgage executed by her intestate, to Schwartz & Crone (Schwartz having assigned his interest in the debt and mortgage to Crone). Subsequently the bill was amended, making Emma Frances Price, a minor, said to be the daughter and heir of John Price, party defendant. Ellen Price, the administratrix, failed to appear and make defense, and the bill was taken for confessed by her. H. Polkinghorn was appointed guardian *ad litem*, for the infant, Emma Frances, who put in for her the formal answer, submitting her rights and interests to the protection of the court. The mortgage was an undivided moiety of a town lot and premises in the city of Natchez. Subsequent to the date of the mortgage, the premises were divided between the joint owners. But the bill furnishes no other description of the moiety assigned to the mortgagor by the partition, than a reference to papers on file, and of record in the probate clerk's office. On final hearing, a decree of foreclosure was made.

It is the duty of the chancellor to protect the rights of minors, whether the proper defense has been made or not. The *pro forma* answer of the guardian *ad litem*, " submits the interest of the infant to the care and protection of the court." Nothing is taken for confessed or waived by the minor or her guardian. The court must look to the record

and all its parts, to see that a case is made which will warrant a decree to bind and conclude her interest, and of its own motion, give to the minor the benefit of all objections and exceptions, as fully as if specially ·made in pleading. The purpose of the bill was to subject the land descended to this infant, to the mortgage of her ancestor. There being no power in the infant to waive anything, a valid decree could not be made against her, unless there has been a substantial compliance with the requirements of the law, in the essential matters.

It is a settled rule in a court of equity, that a guardian *ad litem* can not be designated, until the infant has been served with process. She must be brought before the court, before the authority arises, to deal in any manner with her rights. After this is done, a fit person is nominated to represent her *pro hac vice.* But there was no legal service of process in this case on the minor. " Execution of the subpœna on Emma Frances Price, and delivering her a true copy," does not comply with either the letter or spirit of the statute. Rev. Code, 487, art. 64. " Process shall be served on the infant personally, and on his or her father or mother, if he or she have any in this state." In Ingersoll v. Ingersoll, 42 Miss., 162, it was held, that in order to the validity of the service, it must be shown by the return of the officer that " there was neither father, nor mother, nor guardian." Art. 52 of the chancery court law, Code 548, allows the appointment of a guardian, on the application of the infant, before the service of the process. The right to appoint before service, can only be made on such application. The appointment of Polkinghorn was not made on the application of the infant, and its rightfulness falls within the general principles of the practice of the court. The court did not acquire jurisdiction over the infant heir, by reason of the insufficient service of the process. The probability is great, if it does not distinctly appear in the record, that Ellen Price, the widow of the intestate, is the mother of the infant, and it does appear that she was resident in Adams county. We

suppose that the 52d article, p. 548, giving to the infant the selection of the special guardian, to be in analogy to the probate court law which allowed such choice by infants over fourteen years of age. Under the English practice, the infant, subject to the approval of the court, could make a selection, (11 Vesey, jr.,) and if convenient, was brought into court. The process should be served on the infant, (Carrington v. Brantz, 1 McLain 174), and guardian appointed by the court, or it will be error. ibid; Walker v. Hallett, 1 Ala., 289.

The infant is entitled to every benefit which can be taken to the bill, although no exceptions are expressly taken. His answer cannot be excepted to for insufficiency, nor can any admission made by him be binding. Story's Eq. Pl., § 871; Mitford (by Tenny), 313, 315. The rights of an infant will not be permitted by the court to be prejudiced by any omission of the guardian *ad litem.* Stephens v. Van Buren, 1 Paige, 479. In Grantshim v. Craigmiles, 1 Bibb, 203, the court applied for the benefit of the infant, the statute against frauds and perjuries, to a bill for the specific performance of a parol contract for land, although the statute was not insisted upon by the guardian.

It is insisted, that the other co-tenant with Price, the mortgagor, is a necessary party defendant. The objection is made on the premises, that a partition would not be made, by the tenants in common, after Price had mortgaged his undivided moiety. The general rule is that partition can only be made between those in the actual or constructive possession. Jenkins v. Van Shecnk, 3 Paige, 242 ; Clapp v. Bromagham, 9 Cowen, 530 ; O'Doherty v. Aldritch, 5 Denio, 320. Other claimants must establish their right by suit, and obtain actual seizure, before they are in condition to demand a partition. The mortgagor in possession, therefore, is the proper party to divide the premises with his co-tenant, and when the partition has been made the mortgagor attaches to his moiety in severalty. 1 Washburn on Real Prop., 584 ; Call v. Barber, 12 Maine, 320.

The statute of limitations barring a foreclosure, is also relied upon. Rev. Code, 399, art. 4, § 1, limits the suit in equity, to the period of time allowed by law, for the recovery of the debt " specified in the writing," and when the remedy at law, to recover the debt is barred, so is the mortgage. Until this positive provision of law, the chancery court had, in analogy to the limitation at law of the right of entry, adopted the bar which defeated the ejectment to recover the possession. The 3d section of the act of March 1st, 1854, enlarged the time of seven years given by the act of 1844, for the bringing of a promissory action for the recovery of lands to ten years. So that under this statute, the mortgagee would have ten years within which to bring his bill for foreclosure. This act took effect on the 4th May, 1854. It was held in Caruthers v. Hurley, 41 Miss., 73, that the limitations of time, and other provisions of the statute of limitations of 1844, when they were operating upon causes of action, accrued before the modification by the Code of 1857, still continued to apply and govern, except that a bar which has been passed under the latter act may be pleaded. If the time appointed by the prior statutes, will work a bar before a shorter time introduced by the latter, then the former statute applies. In making this comparison, the time must be computed from the date of the passage of the latter law. Such was the rule recognized in Buckingham v. Riggs et al., 26 Miss., 758. It is entirely competent for the legislature to either shorten or lengthen the period of limitation; such legislation affects the remedy and not the right, and only becomes obnoxious to constitutional objection, when it defeats all remedy, and such limitations may affect existing causes of action. Briscoe v. Ankestell, 28 Miss., 371. Computing the time under the act of 1854, the ten years would begin to run from the maturity of the note in April, 1854, at which time the condition of the mortgage would be broken, or applying the six years, as provided by the Revised Code, and deducting the time of the suspension of the statutes of

limitations, it is manifest that this suit was not barred.

The decree is reversed, and the cause remanded for further proceedings in accordance with this opinion.