J. & T. GREEN v. CHARLES GASTON ET AL.

1. DEED OF TRUST. *Power of sale. Jurisdiction of chancery.*
   The fact that a deed of trust or mortgage contains a power of sale, and contemplates a foreclosure without the aid of a court, does not preclude a resort to the Chancery Court for the purpose of foreclosure.

2. STATUTE OF LIMITATIONS. *Art. 28, Code of 1857. Right of action or of entry prior thereto.*
   Under the proviso to art. 28 of "An act for the limitation of actions," contained in the Code of 1857, which provided, "that this act may be pleaded in any case where a bar has accrued under the provisions thereof," the period of limitation prescribed by that act, in cases where the right of action or of entry accrued before the act took effect, should be dated from the time the act took effect, and not from the time when the right of action or of entry accrued.

3. SAME. *Prior to Code of 1857. Deed of trust.*
   Under the statute of limitations in force prior to the adoption of the Code of 1857, the beneficiary in a deed of trust was entitled to ten years after condition broken, for the enforcement of the trust, that being the period which barred a right of entry into lands.

4. CHANCERY. *Foreclosure of trust-deed. Practice. Proper party.*
   In a suit in chancery for the enforcement of a deed of trust, the trustee should be made a party, but this court will not reverse a decree because of the failure to make the trustee a party, where no objection was made on that account in the court below. The execution of the trust by a decree of the court supersedes the trustee, and presents a ground for restraining him if he should ever assert his legal title.

APPEAL from the Chancery Court of Hinds County.

Hon. E. G. PEYTON, Chancellor.

On the 3d of August, 1854, Charles Dudley executed a deed of trust upon a certain tract of land to John D. Elliott as trustee, to secure an indebtedness to J. & T. Green, evidenced by Dudley's promissory note, under seal, and to become due on the 11th of September, 1854. It was stipulated in the deed of trust, that, if the grantor failed to pay at the maturity of the note, the trustee, upon the request of the beneficiaries, should sell the land conveyed, and apply the proceeds to the satisfaction of the indebtedness. Dudley made default in the payment of his note; and in 1860 he

died. On the 25th of October, 1869, J. & T. Green filed a bill in chancery against the heirs of Charles Dudley, for the enforcement of the deed of trust given by their ancestor. The bill alleged that, " in 1861, Elliott, the trustee, removed from the State of Mississippi to South-western Texas, where he has resided ever since, and it has been impracticable to procure an execution of said deed of trust, and it is now impracticable, except through a bill in chancery for substitution of a trustee or commissioner in the place of said Elliott." The prayer of the bill was for an account of the indebtedness, for the appointment of a trustee or commissioner to sell the land, and for the application of the proceeds of the sale to the satisfaction of the debt. The trustee, Elliott, was not made a party to the bill; but no objection was made in the lower court for such omission.

The defendants answered, and, among other defences made, set up the Statute of Limitations in bar of the relief sought. The case was submitted on the pleadings and exhibits, and on the 13th of March, 1879, the Chancery Court rendered a decree dismissing the bill, and declaring that the complainants were not entitled to any relief concerning the matter of their complaint. From that decree the complainants appealed.

*Shelton & Shelton*, for the appellants.

1. The limitation for the enforcement of mortgages and deeds of trust was ten years, until the Code of 1857 went into effect. Hutch. Code, 829; Acts 1854, p. 134; 32 Miss. 223; 37 Miss. 579; 42 Miss. 304; 23 Miss. 193; 8 Smed. & M. 480; 9 Smed. & M. 34. It was only nine years, eleven months, and ten days after the breach of the condition of this deed of trust, to the filing of the bill.

The note and deed of trust in this case are both under seal. Under the Code of 1857, the limitation for bringing actions on contracts under seal was seven years. Code 1857, p. 400, art. 6. And by art. 4, p. 399, of that Code, the remedy in equity on a mortgage or deed of trust was barred when the remedy at law to recover the debt became barred. But in

cases where the right of action or of entry had accrued before the Code of 1857 became operative, the period of limitation therein provided did not commence until after the Code went into effect. Code 1857, p. 402, art. 28. And from the time the Code took effect (November 1, 1857), to the filing of the bill, the period was six years, nine months, and twenty days. So that, excluding the time of the suspension of the Statute of Limitations, this suit is not barred either under the Code of 1857 or under the prior law.

2. It is too late for the appellees to object in this court that Elliott, the trustee, was not made a party to the suit. The objection should have been made in the lower court.    10 Smed. & M. 304; 46 Miss. 210; 41 Miss. 91; 10 Ga. 154.    But Elliott is not a necessary party.    The parties in interest are before the court, and the court has full jurisdiction to execute the trust by its commissioner, without having Elliott before it.

*David Shelton*, of counsel for the appellants, argued the case orally.

*T. J. & F. A. R. Wharton*, for the appellees.

1. As the Statute of Limitations had commenced to run against this note before the adoption of the Code of 1857, it continued to run, and, by virtue of the provisions of that Code, barred any suit on the note after seven years from the maturity thereof. *Kilcreas* v. *Shelby*, 23 Miss. 161; *Carothers* v. *Hurley*, 41 Miss. 71; Code 1857, p. 399, art. 4.

The distinction between suits for the recovery of debts secured by liens on land, and suits for the recovery of the land specifically, by those having the right of entry, should be kept in view in considering the question of the statute of limitations.    Art. 4, p. 399, of the Code of 1857 provided that, "in all cases where the remedy at law to recover the debt shall be barred, the remedy in equity on the mortgage shall be barred."    By art. 1, on p. 398, of the Code, it was declared, that "no person shall make an entry, or commence an action to recover any land, but within ten years after the

right to make such entry or bring such action shall have accrued," etc. Art. 6, sect. 1, of Hutchinson's Code provided that " every possessory or other action for any lands shall be commenced within seven years." And sect. 2 of the same Code limited the right of entry to seven years. See *De Loraine* v. *Browne*, 3 Bro. C. C. 639, 641.

2. The fact that Elliott, the trustee, had removed to Texas did not entitle the appellants to resort to chancery for the substitution of a trustee, it not being shown that he ever refused, or was even called upon, to execute the trust.

3. It was necessary that the trustee should have been made a party to the bill. 40 Miss. 619, 640 ; 33 Miss. 157 ; 10 Smed. & M. 307. Such omission may be objected to at any stage of the proceeding. 1 How. 333. The court will, *ex mero motu*, take notice of such omission. *Heard* v. *Baird*, 40 Miss. 793.

*T. J. Wharton*, of counsel for the appellees, argued the case orally.

CAMPBELL, J., delivered the opinion of the court.

The fact that a mortgage or deed of trust contains a power of sale, and contemplates a foreclosure by a sale without the aid of a court, does not preclude a resort to the chancery court.

At the time of the execution of this deed of trust, ten years was the period which barred a right of entry into lands. Acts 1854, p. 134. Then the law was, that the right to foreclose a mortgage or deed of trust in chancery was not barred by the period which barred the debt secured by it, but only by the period which barred an action of ejectment, — *i.e.*, ten years after condition broken. *Miller* v. *Helm*, 2 Smed. & M. 687 ; *Miller* v. *Trustees, etc.*, 5 Smed. & M. 651 ; *Trotter* v. *Erwin*, 27 Miss. 772 ; *Berry* v. *Bacon*, 32 Miss. 212 ; *Wilkinson* v. *Flowers*, 37 Miss. 579.

It was not until the 1st of November, 1857, that the law provided that the remedy on the mortgage or deed of trust

should be barred when the debt it secured should be barred. Rev. Code 1857, p. 399, art. 4.

This deed of trust was not barred when this bill was filed, because ten years had not expired, after condition broken, before the filing of the bill, deducting the time during which the running of the Statute of Limitations was suspended.

To bar the deed of trust because the writing obligatory it secured was barred, it must have become barred by the operation of the Code of 1857, because prior to that it was not material that the debt was barred. The precedent time is not to be computed, because, if it barred the debt, that did not affect the remedy on the deed of trust, as the law then was; and the periods of limitation prescribed by the Code of 1857 did not commence until the 1st of November, 1857. Rev. Code 1857, p. 402, art. 28; *Carothers* v. *Hurley*, 41 Miss. 71.

The right of action or of entry on this deed of trust, and the right of action on the bill single it secured, accrued before the Code of 1857 became operative, and were, therefore, subject to the precedent law, as no bar had accrued under the provisions of the Code.

The trustee in the deed of trust should have been made a party to this suit; but, as we can dispose of the case without his being a party, and no good purpose would be served and no benefit could result to any of the parties from remanding the cause, we are not disposed to entertain the objection, which was not made in the court below, but is first urged here. The naked legal title is in the trustee. The parties beneficially interested are before the court. The execution of the trust by decree of the court will supersede the trustee, and present a ground for restraining him if he should ever assert his legal title, now probably barred by the Statute of Limitations.

Decree reversed, and decree here in favor of appellant, after reference to the clerk to compute the amount due.