## A. M. Harlow *v.* E. C. Mister.

Deed of Trust. *Foreclosure. Trustee. Party to suit.*
　Generally, a trustee in a deed of trust, with authority to sell in default of payment of the debt secured, is a necessary party to a suit to foreclose the deed.

Appeal from the Chancery Court of Yazoo County.

Hon. E. G. Peyton, Chancellor.

The case is stated in the opinion of the court.

*Bowman & Bowman,* for the appellant.

M. K. Mister was not a party to the suit, although the trust-deed under which the complainant was proceeding constituted him trustee.

The trustee in whom is the legal title under a trust-deed to secure debts is a necessary party to a bill by a creditor or *cestui que trust* to subject the property to the payment of the debt. *Hill* v. *Boylan,* 40 Miss. 618–640; 2 Spence's Eq. Jurisdiction, § 708, p. 706.

The rule is that in suits respecting trust property, the trustees as well as *cestui trusts* are necessary parties. The trustees have the legal estate and therefore they are necessary parties. Story's Eq. Pleading, § 207; Mitford's Ch. Pleadings 424–425; Adams Equity 664, mar. p. 315, and note; *Woodward* v. *Wood,* 19 Ala. 213.

*Hudson, Hudson & Holt,* for the appellee.

It was decided in the case of *Hill* v. *Boylan* that the trustee is a necessary party to a bill to enforce the collection of the debt secured by the deed of trust.

This case, however, presents none of the conflicts of interests and complications which existed in that case.

Here all the parties beneficially interested were before the court. Their interests could in no way be affected by the failure to make the trustee a party. He was not an indispensable party, although a proper party. His interest was merely that of the holder of the naked legal title, which he could not assert after decree of this court, and in this case the failure to make him a party could injure no one.

We invoke the rule laid down by the court in *Green* v. *Gaston,* 56 Miss. 752.

COOPER, C. J., delivered the opinion of the court.

This is a bill filed by the appellee against the appellant to foreclose in equity a deed of trust in which the property sought to be subjected was conveyed to M. K. Mister, trustee, with authority to sell in default of the payment of the debt secured. The trustee is not made a party to the cause, and this was made ground of demurrer in the court below. This demurrer was overruled, and further proceedings having resulted in a final decree, the defendant appeals and assigns for error the action of the court in overruling the demurrer.

The demurrer should have been sustained. *Catlett* v. *Bacon,* 33 Miss. 269 ; *Hill* v. *Boylan,* 40 Miss. 618.

In *Green* v. *Gaston,* 56 Miss. 752, where no exception had been taken in the court below to the failure to make the trustee a party, this court upon that ground and because the legal title of the trustee had probably become barred by limitation and complete justice had been done to those beneficially interested, refused to reverse the decree of the lower court. But here the objection was taken in the court below, and the complainant should have amended his bill.

*The decree will be reversed, the demurrer sustained, and the complainant directed to amend his bill by making the trustee a party thereto, otherwise the bill shall be dismissed.*