## Joseph L. Moyse & Bro. *v.* Louis Cohn & Bro.

1. **Chancery Court.** *Venue. Code 1892, § 510.*

   A trustee in a deed of trust is a necessary party defendant within the meaning of code 1892, § 510, on the subject of venue in equity suits. *Hill* v. *Boyland*, 40 Miss., 618; *Harlow* v. *Mister* 64 Miss., 25.

2. **Same.** *Foreclosure. Deed of Trust.*

   A bill to foreclose a deed of trust may be filed in the chancery court of the county where the trustee in the deed resides, although the property be without the county and all other defendants reside elsewhere.

FROM the chancery court of Lincoln county.

HON. HENRY C. CONN, Chancellor.

Cohn & Brothers, appellees, were the complainants in the court below; appellants, Moyse & Brother and others, were defendants there.

Cohn & Brothers, resident citizens of Lincoln county, were the owners of a debt due from Cicero Boyd, a resident citizen of Lawrence county, which debt was secured by a deed of trust on personal property and crops located in Lawrence county. The trustee in the deed of trust was a resident citizen of Lincoln county. The appellants, Moyse & Brother, were resident citizens of Pike county. They had purchased and converted to their own use a considerable portion of the crops raised by Boyd, the debtor, conveyed by the deed of trust, and had shipped the same out of the state.

This being the state of affairs, Cohn Brothers filed their bill in the chancery court of Lincoln county, where the trustee resided, to foreclose the deed in trust, making the trustee a defendant. They also made Boyd, the debtor, a defendant, and, desiring to hold Moyse & Brother for the value of the encumbered crops which the latter firm had converted and shipped out of the state, complainants made them defendants and sought appropriate relief against them. A writ of sequestration was sued out, directed to the sheriff of Lawrence county, where the remaining property could be found, and the same was duly executed.

The defendant Boyd, the debtor, made no objection to the jurisdiction of the court but filed a cross bill seeking to have Moyse & Brother held as primarily liable to complainants. Moyse & Brother, however, demurred to the bill, contending that the suit was wrongfully brought in the chancery court of Lincoln county. The demurrer was overruled by the court below, answers and cross bills and answers to cross bills were filed, evidence taken, and, on final hearing, a decree in com-

plainant's favor was rendered.    Moyse & Brother appealed to the supreme court.

*Will A. Parsons,* for appellants.

The personal property upon which a lien is claimed is shown to have been in Lawrence county at the time this action was commenced, and the only ground upon which the venue could be in Lincoln county is that a necessary party defendant resided in that county.    It is shown that defendant Boyd was a resident of Lawrence county, and that all of the other defendants were residents of Pike county, except defendant Jones, the trustee, who is averred to be a resident of Lincoln county.    Is defendant Jones a necessary party defendant within the meaning of § 510, code of 1892 ?    The bill of complaint shows that Jones has no beneficial interest in the suit. He is held out as the naked holder of the legal title, not for his own benefit, but for the purpose of assisting complainants to the relief which they ask in their bill; that is, the foreclosure of the deed of trust.    Jones had no rights to defend; had no interest whatever in the outcome of the suit.    It is almost impossible to believe that the legislature intended that the residence of such a defendant should govern the venue of a suit equally with the residence of a defendant who has an interest.    Appellee's solicitors call attention to the case of *Hill* v. *Boyland*, 40 Miss., 618.    In that case, however, there was a defendant other than the trustee, who resided in Yazoo county at the time the suit was brought, and who had a beneficial interest in the subject matter of the suit.    Even if the court decided in that case as appellee's solicitors contend, it was not such a clear cut, unequivocal settling of the question as can be said to have been adopted by our legislature in re-enacting the statute, and the construction given is so apparently contrary to the intention of the legislature, and contrary to public policy as well, that the case should not be followed.    To a defendant against whom no relief is asked, who claims no beneficial in-

terest in the subject matter of the suit, it makes no difference how the cause is decided. But to the party having rights to defend which are assailed by the suit the right to be sued in the county of his residence is substantial, and means a great deal. I cannot believe that the legislature intended by § 510 to sacrifice this substantial right and to allow suit to be brought in the county of the residence of a party to whom it makes no difference where suit is brought. A party having no interest in the subject matter of a suit, no rights to defend, and claiming no right in it, while nominally a defendant, is not defendant in the full sense of that term. In other states, in which statutes provide for the bringing of suits in the county where a defendant resides, it has been held that the defendant meant was one having a beneficial interest in the subject matter of the suit. But the learned solicitors for appellees claim that our statute is much broader, etc., on account of the clause " or any necessary party defendant may reside or be found.'' The first clause provides for cases where there is only one defendant, and the other clause for cases having two or more defendants. The word " necessary " does not make the statute broader. It seems to me that it showed that the legislature were afraid that the words " or any party defendant " might be given a broader construction than was desired, and the use of the word " necessary " indicates a desire in the legislative mind to limit the meaning of the clause and manifests an intention that no formal party without any interest in the suit should come within the meaning of the clause. If the construction contended for by appellees is correct it certainly may occasion great hardship to some, and would throw open the door to oppression and fraud.

*Mc Willie & Thompson*, for appellees.

Moyse & Bro., under frequent decisions of this court, notice being properly brought home to them of complainant's deed of trust on the crops, are liable to Cohn Bros. for the value of the

cotton which they received from Boyd and converted to their own use, the liability not exceeding the mortgage debt.

The chancery court of Lincoln county did have jurisdiction, and the venue was properly laid there. In maintenance of this contention we lay down two propositions as preliminary to a consideration of our statute on the subject of venue in the chancery courts, and which are beneficial, if not necessary, to be borne in mind in order to insure a correct construction of its terms: (*a*) The trustee in a deed of trust is a necessary party to a suit in equity to foreclose the deed. *Hill* v. *Boyland*, 40 Miss., 618, 640; *Harlow* v. *Mister*, 64 Miss., 25. (*b*) A suit to foreclose a trust deed or mortgage is not local, but transitory, and may, if the statute does not provide to the contrary, be brought wherever there is jurisdiction of the parties. Jones on Mort., sec. 1444; Cobbey on Chat. Mort., sec. 951, and authorities cited.

In furtherance of our last proposition, we call the court's attention to the following authorities and observations: The courts of England take jurisdiction of suits to enforce mortgages upon lands in the colonies. *Paget* v. *Ede*, L. R., 18 Eq., 118. In case of fraud, trust or contract, the jurisdiction of a court of equity is sustainable wherever the person is found, though the decree may effect property without its jurisdiction. *Massie* v. *Watts*, 6 Cranch, 148. In many states it is provided by statute that suits to foreclose mortgages shall be prosecuted in the courts of the county in which the property, or some part thereof, is situated, and, of course, the judicial decisions of such states are not authority for the construction of our statute.

We now come to a consideration of the statute, § 510, code of 1892. This statute provides for four classes of suits:

1. To confirm title to real estate and to cancel clouds, or remove clouds therefrom. These actions are localized, the language of the statute being that they shall be brought in the county where the land, or some part thereof, is situated. Such

suits cannot rightfully be brought anywhere else.   The language of the statute concerning them, "shall," is exclusive.

2. The second class embraces suits against executors, etc., relating to the administration of estates, and they shall be brought in the chancery court of the county in which the estate is in process of administration.   The language here employed, "shall," is also exclusive, and such suits cannot be rightfully brought anywhere else. .

3. "Other suits respecting real or personal property may be brought in the chancery court of the county in which the property or some portion thereof may be." Notice the legislative change of language, a change from "shall" to "may," a change from the exclusive to the permissive. We will see directly that a proceeding in equity to foreclose a mortgage is not "a suit respecting" the property conveyed by the mortgage. .

4. All cases not otherwise provided may (again we note the use of permissive and not exclusive language) be brought in the chancery court of any county where the defendant, or any necessary party defendant, may reside or be found.   There are some states whose statutes provide for the bringing of suits in the county where the defendant resides, etc., and in several of these it has been held that the "defendant" meant by the statute was one having a substantially beneficial interest.   The language of our statute, however, is much broader, and such decisions do not apply, for it provides for suits in the county not only where the defendant, but as well where "any necessary party defendant" may reside or be found.   When we look at the statute closely we cannot fail to see that the words shall and may are used advisedly, and with intent that the words shall be construed according to their respective meanings and with full recognition of the difference in their significance. In this statute (notwithstanding each of these words are elsewhere sometimes used in the sense and place of the other) the

word "shall" carries the idea of exclusive, and the word "may" of permissive jurisdiction or venue.

But again, a suit to enforce a mortgage is not a suit respecting the property. In proof of this let us call the court's attention to the fact that the same language was used in the code of 1857 (code 1857, p. 541, act 6), and that in the case of *Boswell* v. *Wheat*, 37 Miss., 610, it was adjudged that the chancery court there in question did have jurisdiction because the suit was one "to recover the possession and enjoyment of the specific property taken" from the complainant, and which was in the county where the suit was brought when it was begun. But the question before us is absolutely settled by the case of *Hill* v. *Boyland*, 40 Miss., 618, though the point does not appear in the syllabus.

The words "not otherwise provided" in the phrase found in the statute "and all cases not otherwise provided may be brought," etc., evidently refer to the cases the venue in which is localized and exclusively fixed—that is, to the two first classes of suits provided in the section and to partition suits, the venue in which is fixed by § 3097 code.

We think that a suit respecting personal property can be brought either in the county where the property may be (this is permissive) or in the county (this, too, being permissive) where the defendant or any necessary party defendant may reside or be found. In other words, so far as concerns the last two classes of cases mentioned in the section an option is given the complainant by which he is permitted in many cases to elect in which one of two or more counties he will bring his suit.

Finally, think of the uncertainty of the thing in many cases, the location of personal property. Take this case: All the parties to a mortgage are resident of county A; the property, a thousand head of sheep, at daylight every morning, for pasturage, are driven just across the line into county B, whence they are returned every night to the home of the mortgagee for shelter. Would this condition of affairs give exclusive

jurisdiction for the foreclosure of the mortgage to the chancery court of B county if suit be begun in the daytime and exclusive jurisdiction to the court of A county if begun at night? This certainly would be true if the words "may be brought," as used in § 510 concerning suits respecting personal property, be held to have an exclusive meaning. Such an absurd result (and many such cases can be conceived) is evidence that the statute should not be construed in the way appellants contend.

WHITFIELD, J., delivered the opinion of the court.

*Hill* v. *Boyland*, 40 Miss., 618, and *Harlow* v. *Mister*, 64 Miss., 25, are decisive that the trustee is a necessary party. The very argument ingeniously pressed by learned counsel for appellant here was made and disallowed in *Harlow* v. *Mister*. There is no merit in the other contentions.

*Affirmed.*